ANDRE GUSTAF, APPELLANT, *v.* THE AMERICAN STEAM-SHIP COMPANY, RESPONDENT.

*Practice— a party to an action cannot be compelled to appear for examination before trial in any county other than the one in which he resides or has an office — Code of Civil Procedure, sec. 886.*

Under section 886 of the Code of Civil Procedure, a party to an action cannot be required to appear for an examination before trial in any county other than that in which he resides or has an office for the regular transaction of business in person.

The fact that the action is brought and is to be tried in such other county does not authorize the court to require him to go out of the county of his residence.

APPEAL from an order made at a Special Term, denying the plaintiff's motion to vacate an order obtained by the defendant requiring him to appear for examination before trial, in the court-

house in the city of Brooklyn. The plaintiff resided in the city of New York. The place of trial of the action was Kings county.

*J. Edward Swanstrom,* for the appellant.

*Edward S. Hubbe,* for the respondent.

BARNARD, P. J.:

By section 886, Code of Civil Procedure, when a person to be examined before trial, resides in the State, he shall not be required to attend in any county other than that in which he resides, or where he has an office for the regular transaction of business in person. The plaintiff resides in the city and county of New York, and has no office in Kings county. The order requires him to appear in Kings county to be examined. The fact that the place of trial of the action is designated to be Kings county does not enlarge the power to require a party to go out of the county of his residence. The section makes no exception in favor of counties in which the place of trial is placed. An examination before trial rests upon article 1, of title 3 of the Code, and that article restricts the place of examination in all cases to a county in which a person resides.

The order should be reversed, with costs and disbursements.

DYKMAN and PRATT, JJ., concurred.

Order reversed, with costs and disbursements.